UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAUL MIRANDA RAMIREZ,

Plaintiff,

v.

CAMPBELL, et al.,

Defendants.

No.  1:24-cv-00273-JLT-FRS (BAM) (PC)

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO NOTICE OF TEMPORARY MAGISTRATE JUDGE REASSIGNMENT

(Doc. 17)

Saul Miranda Ramirez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended complaint, filed January 21, 2025, has not yet been screened.  (Doc. 13.)

On January 6, 2026, the Court issued a Notice of Temporary Magistrate Judge Assignment that provided as follows:

> The Court, having considered the equitable and efficient division and economical determination of court business, finds the necessity for temporary assignment of this case.  This case is ASSIGNED to Fresno Magistrate Judge (FRS) until such time as a new magistrate judge is appointed.  In the interim, this case is temporarily REFERRED to Recalled Magistrate Judge Barbara A. McAuliffe.

(Doc. 20.)  In response, on January 26, 2026, Plaintiff filed objections to the Court's notice. (Doc. 17.)  Plaintiff states that he filed this action on March 6, 2024, and the Court has not yet screened the complaint.  Plaintiff further notes that each time the case has been reassigned to a

1

Magistrate Judge, he has declined to consent to the Magistrate Judge.  Plaintiff states that because he has not consented to Magistrate Judge Barbara A. McAuliffe, he objects under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).  Plaintiff requests that the Court reassign the undersigned only to Plaintiff's case, and for the case to be screened.  (*Id.*)

It appears Plaintiff seeks to vacate the assignment of matters in this action to the Magistrate Judge under 28 U.S.C. § 636(b), and have the case reassigned solely to the District Judge.  The request is **DENIED**.

This matter is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Local Rule 302 refers *all* prisoner cases to Magistrate Judges for pretrial purposes, regardless of whether the parties' consent—indeed, the parties have no right to grant or refuse consent to this Local Rule. Thus, even in the absence of the consent of the parties' the assigned Magistrate Judge remains responsible for addressing dispositive and non-dispositive motions and matters prior to trial.  *See* Local Rule 302(c)(17).  Resolution of all non-dispositive matters will be by order from the Magistrate Judge, though dispositive matters will be addressed in findings and recommendations submitted to the undersigned.  28 U.S.C. § 636(b)(1). If all parties do not consent to Magistrate Judge jurisdiction, the undersigned will be the trial judge.

The parties are advised, however, that a magistrate judge is much more able to bring this matter to a timely conclusion, whether that be through trial or otherwise. The magistrate judges can provide deadlines for all case dates, including for trial, which the undersigned cannot, due to the significant criminal docket over which the undersigned presides and which takes precedence over all other matter. Thus, the plaintiff SHALL consider consenting to magistrate judge jurisdiction. In any event, for the reasons set forth, the Court **ORDERS**:

1. Plaintiff's objections to the Notice of Temporary Magistrate Judge Assignment, (Doc. 17), are **OVERRULED**.

///

///

///

2

2. This matter is referred to the assigned Magistrate Judge for screening of the first amended complaint in due course.

IT IS SO ORDERED.

Dated:    **January 29, 2026**

UNITED STATES DISTRICT JUDGE