# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SAUL MIRANDA RAMIREZ,

Plaintiff,

v.

CAMPBELL, et al.,

Defendants.

No.  1:24-cv-00273-JLT-FRS (BAM) (PC)

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(ECF No. 19)

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT, **NOT TO EXCEED TWENTY-FIVE (25) PAGES**

**THIRTY (30) DAY DEADLINE**

Plaintiff Saul Miranda Ramirez ("Plaintiff") is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The first amended complaint, filed January 21, 2025, has not yet been screened.  (ECF No. 13.)

Currently before the Court is Plaintiff's motion for leave to file a second amended complaint, filed February 23, 2026.  (ECF No. 19.)  Plaintiff states that he seeks to add new claims and parties, and provides examples.  Plaintiff did not include a proposed second amended complaint.  (*Id.*)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

1

is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's first amended complaint has not yet been screened and no defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to amend shall be granted.

However, the Court notes that Plaintiff's first amended complaint names 14 defendants and is thirty-two pages in length, in excess of the Court's page limitations.  Plaintiff is warned that the second amended complaint should **not exceed twenty-five (25) pages**, excluding exhibits, in compliance with the Court's page limits. If the second amended complaint fails to comply, it will be stricken, and Plaintiff will be ordered to file an amended complaint in compliance with this Order.

Furthermore, Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

///

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend the complaint, (ECF No. 19), is GRANTED;

2. The Clerk of the Court shall send Plaintiff a complaint form;

3. Plaintiff's second amended complaint, **not to exceed twenty-five (25) pages**, excluding exhibits, is due within **thirty (30) days** from the date of service of this order; and

4. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **March 3, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3